COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MARGARITA LEYVA, | | No. 08-09-00166-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 109th District Court |
| | § | |
| ACE AMERICAN INSURANCE | | of Andrews County, Texas |
| COMPANY, | § | |
| | | (TC # 17,693) |
| Appellee. | § | |

**O P I N I O N**

Margarita Leyva appeals from a summary judgment granted in favor of Ace American Insurance Company. We affirm in part and reverse and remand in part.

**FACTUAL SUMMARY**

Leyva's petition alleges that she was employed by Snelling Professional Staffing in May 2006 and was assigned to work for The Scott Fetzer Company d/b/a Kirby Company. Leyva suffered an on-the-job injury to her wrist when she slipped and fell at Fetzer. She sued Fetzer alleging it failed to provide a safe workplace and she sought her medical expenses among other types of damages. Additionally, she sued the workers' compensation insurance carrier, Ace American Insurance Company, complaining that it failed to "provide information for the claim as required by the Texas Workers' Compensation Act[1] and Rules." She further alleged that "[t]hese violations of the insurance code amount to statutory bad faith." Leyva also sought a declaration that Ace American had waived its subrogation interest by failing to provide information as to the amount of

---

[1] TEX.LAB.CODE ANN. §§ 401.001-408.222 (Vernon 2006 & Vernon Supp. 2009).

its lien when timely requested. Ace American filed special exceptions, affirmative defenses, and an answer. It also filed a motion for summary judgment on the ground that there is no statutory bad faith cause of action for failing to provide information about the claim. The trial court granted the motion for summary judgment and entered a take-nothing judgment in favor of Ace American.

## STANDARD OF REVIEW

The standard of review for traditional summary judgment under TEX.R.CIV.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id*. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied).

## STATUTORY BAD FAITH

In Point of Error One, Leyva contends that the trial court erred by granting summary judgment because it constitutes a general demurrer which is prohibited by Texas law. Citing *Texas*

*Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex. 1974), Leyva argues that Ace American should have first obtained a ruling on its special exceptions and she should have been given an opportunity to amend her pleadings before the trial court granted the motion for summary judgment.

In *Herring*, the Texas Supreme Court held that special exception, not summary judgment, is the proper procedure to utilize when the plaintiff has failed to state a cause of action. *Id.* at 10. The trial court may dismiss a case when special exceptions are sustained, the plaintiff is given an opportunity to amend, and the plaintiff still fails to state cause of action. *Id.* But the court recognized that a party may plead himself out of court by stating facts which affirmatively negate her cause of action. *Id.* at 9. In such a case, it is proper to grant the defendant's motion for summary judgment. *Id.* Likewise, if the facts alleged by the plaintiff establish the absence of a cause of action or an insuperable barrier to a right of recovery, summary judgment may be granted without allowing the plaintiff to amend her petition. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

Ace American moved for summary judgment on the ground that there is no statutory bad faith cause of action for failing to provide information related to the claim. Leyva alleged that Ace American had failed to provide information regarding the claim as required by the Texas Workers' Compensation Act and "these violations" of the Insurance Code amounted to statutory bad faith, but she did not identify the particular sections of either the Workers' Compensation Act or the Insurance Code upon which she relied. It is not clear from the face of the petition what information Ace American allegedly failed to provide, but Ace American maintains that the information sought by Leyva would establish the amount of its workers' compensation lien. We will first examine Chapter 417 of the Labor Code which governs third-party liability in workers' compensation cases to determine whether it provides any basis for Leyva's statutory bad faith claim.

Under Section 417.001, an employee may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under the Act and the employee may also pursue a claim for workers' compensation benefits. TEX.LAB.CODE ANN. § 417.001(a)(Vernon 2006). A workers' compensation carrier is subrogated to the rights of the injured employee for any benefits paid by the carrier. TEX. LAB.CODE ANN. § 417.001(b). The carrier's subrogation interest is limited to the amount of total benefits paid or assumed by the carrier to the employee, less the amount by which the court reduces the judgment based on the percentage of responsibility attributable to the employer. TEX.LAB.CODE ANN. § 417.001(b). This right creates a lien in favor of the carrier in the amount it has paid to an employee out of the first money recovered from the third-party tortfeasor. *See* TEX.LAB.CODE ANN. § 417.002; *Texas Workers' Compensation Insurance Fund v. Alcorta*, 989 S.W.2d 849, 851 (Tex.App.--San Antonio 1999, no pet.). The purpose of the subrogation statute is to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. *Erivas v. State Farm Mutual Automobile Insurance Company*, 141 S.W.3d 671, 676 (Tex.App.--El Paso 2004, no pet.); *see Capitol Aggregates, Inc. v. Great American Insurance Company*, 408 S.W.2d 922, 924 (Tex. 1966)(stating purpose of the predecessor statute to Section 417.001). We have found nothing in Chapter 417 which imposes a duty on Ace American to provide information about the claim in connection with its subrogation interest. Further, we find no basis in Chapter 417 for a statutory bad faith cause of action for failure to provide such information.

Leyva's petition also complains that Ace American's failure to provide information violated provisions of the Insurance Code. Chapter 541 of the Insurance Code addresses deceptive, unfair, and prohibited practices. TEX.INS.CODE ANN. §§ 541.001-541.454 (Vernon 2009 & Vernon Supp. 2009). A person is prohibited from engaging in a trade practice that is defined in Chapter 541 or

determined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. TEX.INS.CODE ANN. § 541.003. Section 541.151 authorizes a person to bring a private cause of action for damages caused by another person engaging in an act or practice (1) defined by Subchapter B[2] to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, or (2) specifically enumerated in Section 17.46(b) of the Business and Commerce Code as an unlawful practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment. TEX.INS.CODE ANN. § 541.151(1), (2).

Section 541.060 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in any of nine categories of unfair settlement practices defined by the statute. TEX.INS.CODE ANN. § 541.060. The nine categories include (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where the insurer's liability has become reasonably clear; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim or offer of compromise settlement; (4) failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights letter; (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible except as provided in the policy; (6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made unless the payment is a compromise settlement of a doubtful or disputed claim; (7) refusing to pay a claim

---

[2] Subchapter B defines unfair methods of competition and unfair or deceptive acts or practices. TEX.INS.CODE ANN. §§ 541.051-.061.

without conducting a reasonable investigation; (8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss; and (9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation except in certain circumstances. TEX.INS.CODE ANN. § 541.060. None of these sections imposes a duty on Ace American to "provide information for the claim." Thus, Leyva's claim for statutory bad faith does not fall within any of these categories.

Section 541.061 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misrepresentation of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Insurance Code. TEX.INS.CODE ANN. § 541.061. Section 541.061 is inapplicable because Leyva's bad faith claim is not based on misrepresentation of an insurance policy.

Ace American established that neither the Workers' Compensation Act or the Insurance Code recognizes a statutory bad faith cause of action for a carrier's failure to provide information regarding its subrogation interest. Leyva cannot cure the defect in her petition by amendment. Consequently, the trial court did not err by granting summary judgment on the sole ground raised in the summary judgment motion. Point of Error One is overruled.

**SUMMARY JUDGMENT**

**GRANTED MORE RELIEF THAN REQUESTED**

In Point of Error Two, Leyva argues that the trial court erred by granting final summary judgment on her cause of action seeking a declaration because Ace did not move for summary judgment on that claim. Prior to granting Ace American's summary judgment motion, the trial court severed Leyva's claim against Ace American from her claim against Fetzer. The trial court's summary judgment purports to be a final judgment. It grants Ace American's motion for "final summary judgment" and orders that Leyva take nothing from Ace American. A clause stating that the plaintiff takes nothing against the defendant is the functional equivalent of a Mother Hubbard clause. *Bandera Electric Cooperative, Inc. v. Gilchrist*, 946 S.W.2d 336, 336 n.1 (Tex. 1997)(per curiam). Additionally, the judgment recites that all relief not expressly granted is denied. Thus, the trial court's judgment effectively granted a take-nothing judgment with respect to Leyva's request for a declaration.

A summary judgment motion must state the specific grounds on which relief is sought. TEX.R.CIV.P. 166a(c). Further, the motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 341 (Tex. 1993). If summary judgment on one claim is proper, but the summary judgment order grants more relief than the movant requests, we must reverse the summary judgment in part and remand the claims not addressed in the summary judgment motion. *See Bandera Electric Cooperative*, 946 S.W.2d at 336; *Postive Feed, Inc. v. Guthmann*, 4 S.W.3d 879, 881 (Tex.App.-- Houston [1st Dist.] 1999, no pet.).

Ace American's summary judgment motion did not address Leyva's claim seeking a declaration that Ace American had waived its subrogation interest by failing to provide information as to the amount of their lien when timely requested. The trial court erred by granting more relief than the summary judgment motion requested. We therefore sustain Point of Error Two, reverse that

portion of the summary judgment granting judgment on this claim, and remand for further proceedings. We affirm the summary judgment granted in favor of Ace American on Leyva's statutory bad faith action.

August 31, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.