# NO. 12-22-00024-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCIA SLACK,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ROBERT CHARLES SHREVE, JR.,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Marcia Slack, challenges the trial court's granting of summary judgment in favor of Appellee, Robert Charles Shreve, Jr., and the denial of her motion for new trial. In six issues, Slack argues that (1) she did not receive proper notice of Shreve's motion for summary judgment, (2) her failure to file a response to Shreve's motion was due to accident or mistake, (3) the trial court erred by granting Shreve's motion for summary judgment, (4) the trial court erred by granting summary judgment as to Section 33(A)(2) of the Texas Securities Act (TSA)[1] because Shreve did not seek summary judgment as to that cause of action, (5) Shreve did not conclusively prove his limitations defense as to Section 33(A)(2), and (6) the trial court erred by awarding attorney's fees and costs to Shreve. We affirm in part, reverse and remand in part, and modify in part.

---

[1] In 2019, the Legislature repealed The Texas Securities Act, which was previously codified beginning at TEX. REV. CIV. STAT. art. 581-1, and recodified it as Title 12 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 4001.001 ("Historical and Statutory Notes") (West Supp. 2022). Former Section 33(A)(2) is now codified at Section 4008.052 of the Government Code. *See id.* § 4008.052 (West Supp. 2022). The recodification of the TSA became effective on January 1, 2022. *See id.* § 4001.001 ("Historical and Statutory Notes"). Because the former version of the statute was in effect when Slack filed her petition, we will cite to that version in this opinion.

## BACKGROUND

On December 27, 2019, Slack filed suit against Shreve, Greg Carlson, Steven Blair, Joseph Shane Jackson, Sunray Operating Company, Inc., CJW Operating Company, Sunray Resources, LLC, and Dane Charles Butzer.[2] According to Slack, on February 2, 2015, Jackson awakened her at 5:00 a.m. and demanded that she write him a check for $250,000 to invest in an oil and gas exploration company, and she did so. Slack pleaded that "[w]ith the exception of Mr. Shreve, [the defendants] offered for sale oil and gas interests for SunRay Resources, LLC on their website to obtain investors." Slack asserted that Shreve promoted Jackson, Blair, Carlson, and Woods to her as "trustworthy people" and did not disclose that he would receive $107,500 of the money Slack gave Jackson "as part of a debt repayment . . . and a buyout of SunRay Operating Company, Inc. by Carlson, Jackson[,] and Woods." Slack also pleaded that Shreve never disclosed that the money she gave Jackson would be used to buy a lease that Shreve claimed to own under a limited liability company. Slack eventually learned she was the sole investor in the company, and she alleged that Shreve and the other defendants colluded to defraud her.

Slack asserted causes of action against Shreve for violations of the TSA, civil conspiracy, common law fraud, conversion, and negligence, as well as a claim under the Texas Theft Liability Act. Additionally, Slack sought a declaration that she is the sole owner of the assets of SunRay Resources, LLC. Shreve specially excepted to various portions of Slack's petition, including a special exception as to her claim for violations of the TSA, contending that her pleadings "do not set forth what security was sold and how the alleged sale took place." Shreve also asserted a counterclaim against Slack for attorney's fees and court costs pursuant to the Texas Theft Liability Act.[3]

Shreve filed a traditional motion for summary judgment, in which he asserted that the following causes of action are barred by limitations: (1) registration violations under the TSA, (2) the Texas Theft Liability Act, (3) common law fraud, (4) conversion, and (5) negligence. Paragraph VII of the motion for summary judgment stated, "Defendant requests oral argument pursuant to Local Rule 2.7. Defendant also requests a submission date of thirty days from the filing

---

[2] Shreve is the only defendant who is a party to this appeal.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West 2019).

2

of this Motion, which is August 9, 2021."[4] Shreve did not file a response to the motion for summary judgment, and on August 30, 2021, the trial judge signed an order granting Shreve's motion for summary judgment.

Slack filed a motion for new trial, in which she argued that she was not provided proper notice of the due date for her response under Rule 166a of the Texas Rules of Civil Procedure. According to Slack, Smith County Local Rule 2.3 is "draconian" as applied to her. Slack contended that Shreve failed to provide adequate notice that he was setting a hearing under Smith County Local Rule 2.3 because Shreve's motion did not cite Local Rule 2.3, but instead stated that Shreve "requests" a submission date and sought oral argument under Local Rule 2.7. Slack asserted that her trial attorney was unaware of Local Rule 2.3. In his response to the motion for new trial, Shreve's attorney argued that he and his client "have no duty to apprise [Slack], or her attorney, of the local rules which have been in effect since 1999." Attached to Shreve's response were (1) an email from Slack's trial counsel to Shreve's counsel, dated August 2, 2021, which stated that Shreve's counsel did not "consult with [Slack's trial counsel] prior to setting a date to make the opposition due[]" and asked defense counsel to agree to an "opposition date" of August 16, 2021; (2) an email from Slack's trial attorney to Shreve's attorney, dated August 4, 2021, stating that defense counsel had not responded to a previous email and asking him to call "to reach an agreement on the submission date for the Shreve MSJ[;]" and (3) an email from Shreve's counsel to Slack's counsel, dated August 4, 2021, in which defense counsel stated, "We do not agree to change the submission date on Shreve's Motion for Summary Judgment."

At the hearing on the motion for new trial, Slack's trial counsel both argued and testified that he lacked knowledge of the Smith County Local Rules and did not understand submission practice in Smith County. Specifically, trial counsel stated that he was unaware that the submission date Shreve identified in the motion for summary judgment would determine the date on which Slack's response was due. The trial judge stated, "I know for a fact . . . [that] you've been in my court before several times. You've litigated cases not just a little bit but quite a bit here in Smith County courts with general familiarity with the local rules." Additionally, the trial judge stated that Smith County's local rules are on the County's website as well as the trial court's website, and he

---

[4] Local Rule 2.7 provides as follows, in pertinent part: "The motion or response shall include a request for oral argument, if desired, in the requesting party's motion or response." SMITH (TEX.) DIST. CT. AND COUNTY CTS. AT LAW R. 2.7.

noted that Local Rule 2.3 provides that the movant selects the submission date on a motion for summary judgment, but the submission date must be at least thirty days after the motion was filed. The trial judge further stated that under Local Rule 2.6, failure to respond to a motion is deemed to be a representation of no opposition unless objections are already on file.

At the hearing, the trial judge provided a 2019 pleading in another case filed in his court, on which Slack's trial attorney was the plaintiff's attorney. In said 2019 case, trial counsel authored a pleading which included a request for submission without hearing "pursuant to Smith County local rule 2.3." The trial judge said to Slack's trial counsel, "for you to testify here today that you really were unfamiliar with the local[] rules, I . . . find to be disingenuous." The trial judge stated that he found trial counsel's testimony that he did not know a submission date would occur on the specified date to be "incredible," and that the emails counsel authored show that he believed August 9 was the submission date. In response, trial counsel asserted that the emails show that he wanted "to get a submission date." The trial judge stated, "for [Slack's counsel] to tell me today that, gee whiz, he couldn't really find those [local rules] on our website until after he suffered a summary judgment against his client, I continue . . . to find disingenuous[.]" Additionally, the trial judge explained,

> [I]f a lawyer just . . . falls on their sword and says, "Gosh, Judge, I was busy doing other stuff and I just forgot to calendar this and file a response," that's a much different story than blaming the problem on your opponent for not having got the 50-pound sledge[]hammer, walked over to your office, and start beating you on the head and say, "Pull out those local rules so you'll know what you're supposed to do."

According to the trial judge, Shreve's motion "did a good job" of bringing the submission date "to anyone's attention." The trial judge indicated that defense counsel knew by August 4 that Shreve would not agree to delay the submission date, "which should have triggered a motion to continue the submission date" to allow Slack to file a response.

The trial judge signed an order denying Slack's motion for new trial, severed Slack's claims against Shreve into a separate action, signed a final judgment that Slack take nothing from Shreve, and awarded attorney's fees and costs to Shreve. This appeal followed.

4

In issue one, Slack argues that the trial court erred by granting summary judgment and denying her motion for new trial because she did not receive notice of Shreve's summary judgment, and in issue two, Slack contends her failure to file a response to the motion for summary judgment was not intentional or the result of conscious indifference, "but was instead due to accident or mistake[.]" We address issues one and two together.

## Standard of Review and Applicable Law

We review the denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *Ashworth v. Brzoska*, 274 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When we consider whether the trial court abused its discretion, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 483, 494 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We review evidence submitted to the trial court in the light most favorable to the trial court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *Id*.

A default summary judgment must be set aside if the non-movant establishes that (1) the failure to respond was not intentional or the result of conscious indifference, but was instead the result of an accident or mistake; (2) the motion for new trial sets forth a meritorious defense; and (3) granting the motion for new trial will not cause undue delay or otherwise injure the movant. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939); *see also Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2010, no pet. (applying *Craddock* to default summary judgment). If a party was denied due process through lack of proper notice of a summary judgment hearing, she need not present a meritorious defense as a condition to her motion for new trial being granted. *Rorie v. Goodwin*, 171 S.W.3d 579, 584 (Tex. App.—Tyler 2005, no pet.). Because the law prefers for cases to be resolved on their merits whenever possible rather than by default, a trial court abuses its discretion by denying a new trial to a party who demonstrates the elements of the *Craddock* test. *Ashworth*, 274 S.W.3d at 329.

**Analysis**

The nonmovant is entitled to receive sufficient notice of the hearing or submission date on a motion for summary judgment so she can calculate when her response is due. ***Martin v. Martin, Martin & Richards, Inc.***, 989 S.W.2d 357, 359 (Tex. 1998); ***Rorie***, 171 S.W.3d at 583. A trial court may decide a motion for summary judgment on submission, without an appearance by the attorneys before the court. ***Martin***, 989 S.W.2d 359. Trial courts are authorized to adopt local rules governing practice before them, and litigants are charged with knowledge of the local rules. *See* TEX. R. CIV. P. 3a; ***In re Stanton***, No. 12-05-00041-CV, 2006 WL 343907, at *2 (Tex. App.— Tyler Feb. 15, 2006, pet. denied) (mem. op.); ***Mayad v. Rizk***, 554 S.W.2d 835, 839 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

Smith County Local Rule 2.3 states as follows: "Motions shall state a date of submission at which time the Motion will be considered without a hearing, unless both a request for oral argument and a response are filed. The movant shall select the date of submission[.]" SMITH (TEX.) DIST. CT. AND COUNTY CTS. AT LAW R. 2.3. In addition, Rule 2.3 provides that the "Submission date on motions for summary judgment shall be no sooner than the expiration of thirty (30) days from the date of filing of the motion for summary judgment. A response, if any, to a motion for summary judgment shall be filed and served seven (7) days before the submission date[.]" *Id*. Moreover, Rule 2.3 states that "the Court will <u>not</u> actually hear oral argument on a motion for summary judgment unless (i) properly requested pursuant to Local Rule 2.7[], and (ii) the Court determines that oral argument will substantially aid the Court in ruling on the motion for summary judgment." *Id*. Under Rule 2.7, "a motion or response shall include a request for oral argument, if desired, in the requesting party's motion or response." *Id*. R. 2.7. Rule 2.6 provides that "[f]ailure to respond to a motion is deemed to be a representation of no opposition unless objections are already on file." *Id*. R. 2.6.

"Courts have applied the first ***Craddock*** prong liberally, and each case depends on its own facts." ***In re A.P.P.***, 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002, no pet.). "Conscious indifference" is defined as "the failure to take some action that would seem obvious to a reasonable person in the same circumstance." *Id*. "The defaulting party must provide some excuse, but not necessarily a good excuse, for failing to answer in a timely manner[,]" and "[t]he absence of an intentional failure to answer is the controlling factor under this analysis." *Id*. "Under this standard, conscious indifference must be more than mere negligence; even a deliberate failure to appear is

not intentional or due to conscious indifference unless it is without adequate justification." ***Tunchez v. Houk***, No. 05-20-00330-CV, 2021 WL 5822839, at \*5 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.).

As discussed above, paragraph seven of Shreve's motion for summary judgment is entitled "SUBMISSION DATE AND REQUEST FOR ORAL ARGUMENT[,]" references Local Rule 2.7, and unequivocally states that Shreve "requests a submission date" of August 9, 2021. Emails from Slack's trial counsel indicate that (1) counsel was aware that Shreve's motion specified a date from which the due date for Slack's response would be calculated, (2) counsel sought to reach an agreement with Shreve's counsel to change said date, and (3) Slack's counsel knew upon receiving defense counsel's email of August 4 that Shreve would not agree to change the date. The record reflects that Slack did not seek a continuance or an extension from the trial court for filing a response to the motion for summary judgment. The record further indicates that the trial court took judicial notice of previous filings signed by Slack's counsel, in which counsel cited Rule 2.3. We conclude that because paragraph seven of Shreve's motion clearly identified a specific submission date, and Slack and her attorney were charged with notice of the Local Rules, Slack received proper notice of the submission date for Shreve's motion for summary judgment. *See* TEX. R. CIV. P. 166a; SMITH (TEX.) DIST. CT. AND COUNTY CTS. AT LAW R. 2.3, 2.6, 2.7; ***In re Stanton***, 2006 WL 343907, at \*2; ***Mayad***, 554 S.W.2d at 839. Furthermore, we conclude that based upon the evidence before the trial court, including the trial court's own records from other cases involving Slack's counsel and the emails between the parties' counsel, the trial court did not err by impliedly finding that Slack's counsel acted with conscious indifference as to the submission date. Because Slack's counsel's failure to respond was the result of conscious indifference, Slack failed to meet the requirements of ***Craddock***. *See* ***Craddock***, 133 S.W.3d at 126; *see also* ***Tunchez***, 2021 WL 5822839, at \*5. Accordingly, the trial court did not abuse its discretion by denying Slack's motion for new trial and did not err by granting a default summary judgment in favor of Shreve. *See* ***Imkie***, 326 S.W.3d at 345; ***Williams***, 313 S.W.3d at 813. For all these reasons, we overrule issues one and two.

### PROPRIETY OF SUMMARY JUDGMENT AS TO CLAIM UNDER SECTION 33A(2)

In issue three, Slack globally asserts that the trial court erred by granting Shreve's traditional motion for summary judgment. In issue four, Slack argues that the trial court erred by

granting summary judgment as to her claim under Section 33(A)(2) of the TSA. We address issues three and four together.

**Standard of Review and Applicable Law**

We review the trial court's summary judgment de novo, and we view the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). Once the movant establishes a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

**Analysis**

An appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide record citations or a substantive analysis of the issues presented waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (holding that appellate court has discretion to deem issues waived due to inadequate briefing). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id*.

Although Slack argues in her brief that by raising issue three, she "raises all arguments as to all grounds why Shreve's motion for summary judgment should have been denied[,]"[5] Slack's brief does not provide any argument or authorities regarding the granting of summary judgment on her claims for registration violations of the TSA, civil conspiracy, common law fraud, conversion, negligence, or her claim under the Texas Theft Liability Act. Rather, Slack's brief focuses solely on the granting of summary judgment as to her claim under Section 33(A)(2) of the TSA. We conclude that any potential complaints available to Slack as to the granting of summary judgment on her causes of action other than Section 33(a)(2) of the TSA are inadequately briefed and therefore present nothing for review. *See* TEX. R. APP. P. 38.1(i); *Cooper*, 288 S.W.3d at 530-31; *WorldPeace*, 183 S.W.3d at 460; *Crawford*, 171 S.W.3d at 338; *see also Fredonia State Bank*, 881 S.W.2d at 284-85. We therefore overrule issue three except as to Slack's claim regarding Section 33(A)(2) of the TSA, which we address below.

We turn now to the issue of whether Shreve's motion for summary judgment, in which he asserted that each of Slack's claims was barred by limitations, included Slack's claim under Section 33(A)(2) of the TSA. Section 33(A)(2) of the TSA states as follows, in pertinent part:

> (2) Untruth or Omission. A person who offers or sells a security . . . by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him, who may sue either at law or in equity for rescission, or for damages[.]

TEX. REV. CIV. STAT. art. 581-33(A)(2). Section 33(A)(1) of the TSA provides a separate cause of action for a person who is offered or sold a security by someone not properly registered to do so. Under the TSA, the statute of limitations for a cause of action under Section 33(A)(1) is three years after the sale, and the statute of limitations for a cause of action under Section 33(A)(2) is five years after the purchase. *Id*. art. 581-33(H)(1), (2).

Slack contends that Shreve did not seek summary judgment as to her Section 33(A)(2) claim regarding Shreve's untruths or omissions, and she maintains that her petition gave him fair notice that she asserted a claim against him for omissions or misstatements under Section 33(A)(2). In response, Shreve argues that Slack explicitly pleaded that he did not violate Section 33(A)(2).

---

[5] Slack states in her brief that she raised issue three due to the requirement of *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

Specifically, Shreve points to the sentence in Slack's petition that states: "With the exception of Mr. Shreve, [the defendants] offered for sale oil and gas interests for SunRay Resources, LLC on their website to obtain investors."

Slack stated in her petition that she was asserting claims for TSA violations against Shreve, and she alleged that Shreve failed to disclose that he would receive $107,500 from the money she provided to Jackson. Additionally, Slack asserted in her petition that "Shreve is not registered to sell securities in the State of Texas." According to Slack's petition, Shreve was to receive money "as part of his role" in assisting Woods, Carlson, Blair, and Jackson with obtaining investment funds from her, and he assisted them with developing "pitch material." Under "Count One" of her petition, Slack alleged that Shreve and other defendants violated the TSA "in several capacities[,]" and she pleaded that the "TSA forbids misrepresentation or omission of material facts in the sale of securities." Specifically, Slack asserted that Shreve failed to register with the Texas State Securities Board as a seller of securities, Shreve failed to disclose that investors who were unhappy "with their 2013 and 2014 oil and gas company . . . were in the process of suing them[,]" and they "never disclosed that Mr. Shreve, who was hiding his identity [from] Marcia Slack using one of his company[ies] named Gryphon Global Investments, LLC[] owned the leases." Slack pleaded that Shreve and Woods "conspired" to make it appear that they were conveying oil leases they did not own. Furthermore, Slack pleaded that Shreve did not tell her that he was accused of wrongdoing pertaining to representations made by investors in OSED, and that he had signed oil leases over to investors to avoid liability. According to Slack's petition, Shreve and other defendants "made misrepresentations about the ownership of wells or leases." Slack concluded the TSA portion of her petition by stating, "Marcia Slack suffered harm as a direct result of the actions of the named Respondents due to their violation of the Texas Securities Act, including by not being registered to sell securities or to promote the sales of a security in the State of Texas, like Shreve, Blair, Jackson, Carlson, and Butzer."

The record does not reflect that Shreve obtained a hearing on his special exceptions to Slack's petition. "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The fair notice standard is intended to give the opposing party sufficient information to enable him to prepare a defense. *Id*. "In determining the nature of claims in a petition to which

the trial court sustained no special exceptions, this court must construe pleadings liberally in the pleader's favor and construe a petition to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all the elements of the claim in question." ***Burnett v. Sharp***, 328 S.W.3d 594, 598 (Tex. App.—Houston [14th Dist.] 2010, no pet.). This rule of construction "is based on the general policy of liberally construing a pleading except to the extent that the trial court has ordered the pleader to cure specific defects in the pleading." *Id*. at 599 (footnote omitted). Therefore, in construing a pleading, courts should not require technical exactness or make refined inferences against the pleader. ***De Loach v. Crowley's Inc.***, 128 F.2d 378, 380 (5th Cir. 1942).

As mentioned above, Slack's petition contained a sentence that stated, "[w]ith the exception of Mr. Shreve, [the defendants] offered for sale oil and gas interests for SunRay Resources, LLC on their website to obtain investors." Construing this sentence liberally and in favor of Slack, the sentence can be read to mean that Shreve was the only defendant who did not offer an oil and gas interest for sale on a website; that is, the sentence does not clearly negate a claim for sale of a security by Shreve. Additionally, viewing Slack's petition as a whole, including the factual assertions therein regarding alleged omissions and misrepresentations by Shreve and the specific identification of Shreve as a defendant who allegedly violated the TSA, we conclude that Slack's petition provided fair notice of her claim under Section 33(A)(2). *See **Auld***, 34 S.W.3d at 896; ***De Loach***, 128 F.2d at 380; ***Burnett***, 328 S.W.3d at 598.

Having determined that Slack's petition provided fair notice of her Section 33(A)(2) claim, we turn to the trial court's granting of summary judgment on that claim. As discussed above, the trial court granted summary judgment in favor of Slack, signed a take-nothing judgment in favor of Shreve, and severed Slack's claims against Shreve into a separate action. A motion for summary judgment must expressly present the grounds upon which it is made, and it must stand or fall on those grounds alone. ***Sci. Spectrum, Inc. v. Martinez***, 941 S.W.2d 910, 912 (Tex. 1997); *see* TEX. R. CIV. P. 166a(c) (providing that motion for summary judgment "shall state the specific grounds therefor."). "In other words, in determining whether grounds are expressly presented, we may not rely on briefs or summary judgment evidence." ***Martinez***, 941 S.W.2d at 912. A summary judgment may not grant the movant more relief than sought in the motion for summary judgment. *Id*.; ***Johnson v. Brewer & Pritchard, P.C.***, 73 S.W.3d 193, 204 (Tex. 2002) (holding that court cannot grant summary judgment on grounds that were not presented); *see also **Martinez***, 941

S.W.2d at 912. If summary judgment is proper as to some claims, but the summary judgment order grants more relief than the movant requests, we must reverse the summary judgment in part and remand the claims not addressed in the motion for summary judgment. *Leyva v. Ace Am. Ins. Co.*, 330 S.W.3d 6, 11 (Tex. App.—El Paso 2010, pet. denied); *see also* *Bandera Elec. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 336 (Tex. 1997).

In his motion for summary judgment, Shreve argued as follows with respect to Slack's TSA claims: "The statute of limitations for registration violations of the Texas Securities Act is three years after the sale . . . . Slack alleges the sale took place on February 2, 2015, when she gave her check to Jackson." Shreve asserted that Slack's TSA registration was therefore barred by limitations. Shreve's motion did not mention or discuss the five-year statute of limitations for claims under Section 33(A)(2), nor did it discuss any of the alleged omissions or misrepresentations Slack pleaded. Because Shreve did not seek summary judgment as to Slack's claim under Section 33(A)(2), we conclude that the trial court erred by granting summary judgment in favor of Shreve on said claim. *See* *Johnson*, 73 S.W.3d at 204; *Martinez*, 941 S.W.2d at 912. We sustain issue four. Accordingly, we reverse the trial court's summary judgment in part and remand Slack's claim under Section 33(A)(2). *See* *Gilchrist*, 946 S.W.2d at 336; *Leyva*, 330 S.W.3d at 11. Having concluded that summary judgment was improper as to Slack's claim under Section 33(A)(2) of the TSA because Shreve did not seek summary judgment as to that cause of action, we need not address issue five, in which Slack argues that Shreve failed to conclusively establish a defense to her Section 33(A)(2) claim, as it would not result in greater relief. *See* TEX. R. APP. P. 47.1.

## ATTORNEY'S FEES AND COSTS

In issue six, Slack argues that the trial court's award of attorney's fees of $44,166.25 and court costs of $3,906.55 to Shreve is not supported by sufficient evidence. She contends Shreve's counsel's affidavit regarding his attorney's fees was conclusory and insufficient to support the award of fees and costs, and she maintains that the billing records "amounted to nothing more than unauthenticated hearsay." Additionally, Shreve asserts that Slack's counsel failed to segregate work performed in defending against Slack's Theft Liability Act claim from work defending against Slack's other causes of action.

12

**Standard of Review and Applicable Law**

We review a trial court's decision to either grant or deny attorney's fees under an abuse of discretion standard. *See **Ridge Oil Co., Inc. v. Guinn Invs., Inc.***, 148 S.W.3d 143, 163 (Tex. 2004). In contrast, we review a trial court's determination regarding the amount of attorney's fees for legal and factual sufficiency of the evidence. *See **Bocquet v Herring***, 972 S.W.2d 19, 21 (Tex. 1998). In reviewing the legal sufficiency of the evidence, we may set aside a finding only if the evidence would not enable a reasonable and fair-minded finder of fact to make the finding. ***City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005). We must credit favorable evidence if a reasonable finder of fact could and disregard contrary evidence unless a reasonable finder of fact could not. ***Id***. In reviewing the factual sufficiency of the evidence, we must consider all the evidence, and we may set aside a finding only if, considering all the evidence, the finding is clearly wrong and manifestly unjust. ***Sembera v. Petrofac Tyler, Inc.***, 253 S.W.3d 815, 824 (Tex. App.—Tyler 2008, pet. denied).

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." ***Rohrmoos Venture v. UTSW DVA Healthcare, LLP***, 578 S.W.3d 469, 487 (Tex. 2019). "[O]nly fees reasonable and necessary for the legal representation will be shifted to the non-prevailing party, and not necessarily the amount contracted for between the prevailing party and its attorney[.]" ***Id***. The party seeking to recover attorney's fees must establish both reasonableness and necessity. ***Id***. at 488.

**Analysis**

Although Slack complains in her brief that the trial court erred by awarding court costs of $3,906.55 to Shreve, Slack's brief does not include any analysis of said argument or citations to appropriate authorities. We therefore find that Slack's argument regarding court costs is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i); ***Cooper v. Cochran***, 288 S.W.3d 522, 530-31 (Tex. App.—Dallas 2009, no pet.); ***WorldPeace***, 183 S.W.3d at 460; ***Crawford***, 171 S.W.3d at 338; *see also **Fredonia State Bank***, 881 S.W.2d at 284-85.

13

The Texas Theft Liability Act permits a prevailing party to recover attorney's fees and court costs. TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b). As Slack concedes in her brief, she did not challenge the amount of attorney's fees in the trial court. Moreover, she did not object in the trial court to Shreve's failure to segregate recoverable fees from nonrecoverable fees. Nevertheless, Slack may challenge the sufficiency of the evidence supporting the attorney's fees. *See Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 511-12 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that failure to respond to motion for summary judgment seeking attorney's fees does not preclude challenge to evidentiary sufficiency).

Shreve's counsel filed an affidavit, in which he averred, in pertinent part, that (1) he has twenty-seven years of experience in handling civil litigation, (2) Shreve agreed to pay counsel an hourly rate of $350 per hour, (3) $350 per hour "is reasonable and is similar to what other attorneys customarily charge in Smith County, Texas[,]" (3) he spent 131.15 hours defending the lawsuit by "investigating claims, researching legal issues, drafting pleadings, engaging in discovery, attending depositions, and taking other necessary actions" to properly perform legal services, and (4) Shreve incurred attorney's fees of $44,166.25 and court costs of $3,906.55. According to defense counsel's affidavit, the fees he charged "were reasonable, necessary, and incurred in the defense of this suit[,]" and "are customarily charged in this area for the same or similar services for an attorney with [his] experience, reputation, and ability, considering the amount in controversy, and the time limitations imposed." Additionally, Shreve's counsel stated that billing statements reflecting the fees and costs were attached to the affidavit as an exhibit and were incorporated as if set fully forth in the affidavit.

Attached to counsel's affidavit were itemized monthly billing statements, printed on the letterhead of counsel's firm, for February 2020 through November 2021. The statements included a detailed description of the legal work performed by counsel, the amount of time counsel spent on each task, and the costs incurred for every action in accordance with his charged rate. Slack maintains that counsel's affidavit is conclusory. A statement is conclusory, and therefore objectionable, if it lacks supporting underlying facts. *Id*. at 512. Statements that amount to nothing more than legal conclusions are insufficient to support a summary judgment as a matter of law because they reduce a legal issue to a matter that should be resolved by relying on facts, and they therefore constitute merely a sworn denial of the nonmovant's claim. *Id*. An affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, and

14

affirmatively show that the affiant is competent to testify regarding the matters stated in the affidavit. TEX. R. CIV. P. 166a(f). "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." *Id*.

Because Slack's objection that the affidavit is conclusory raises a defect of substance, she did not waive it by failing to respond to the motion for summary judgment. *See id*; **Haden**, 332 S.W.3d at 512. Counsel's affidavit set forth his experience and qualifications, incorporated the attached billing records by reference, explained that his hourly billing rate was reasonable and in line with the rate customarily charged by attorneys in the area, and the work he performed was reasonable and necessary. The billing records include detailed information about the particular tasks counsel performed, such as drafting pleadings, preparing for depositions, attending depositions, conferencing with Shreve, participating in discussions with opposing counsel, reviewing discovery, preparing discovery requests, and receiving and responding to emails. We conclude that counsel's affidavit and the billing records incorporated therein are not conclusory; that is, they do not lack supporting facts. *See* **Haden**, 332 S.W.3d at 512.

As for Slack's contention that the billing records constitute unauthenticated hearsay, we conclude that Slack waived that objection by failing to raise it in the trial court. *See* **Drew v. Harrison Cty. Hosp. Ass'n**, 20 S.W.3d 244, 247-48 (Tex. App.—Texarkana 2000, no pet.) (holding that party waived objections to hearsay by failing to object in the trial court); *see also* **Hinojosa v. Citibank (South Dakota), N.A.**, No. 05-07-00059-CV, 2008 WL 570601, at *1 (Tex. App.—Dallas March 4, 2008, pet. denied) (mem. op.) (holding that objections that affidavit fails to comply with business records exception to hearsay rule is "a defect in form that must be preserved in the trial court."). We likewise conclude that because Slack did not raise an objection in the trial court, Slack waived her complaint regarding Shreve's failure to segregate recoverable fees for work performed defending against her Texas Theft Liability Act claim from fees performed for defending against her other causes of action. *See* **Green Intern., Inc. v. Solis**, 951 S.W.2d 384, 389 (Tex. 1997); **Haden**, 332 S.W.3d at 516 (holding that "a party waives any error arising from possibly awarding nonrecoverable fees when the complaining party does not object to failure to segregate between legal services for which fees are properly recoverable and those for which no recovery of fees is authorized[]").

The billing records reflect three entries for work done by a person or persons with the initials "K.E." and "K.S.E." Based upon the nature of the tasks listed and the $75.00 hourly rate that the bills indicate was charged for that work, it appears that those tasks were performed by a legal assistant or paralegal. An award of attorney's fees may include work by a legal assistant or paralegal to the extent that the work performed has traditionally been done by an attorney. ***Guardianship of Alford***, 596 S.W.3d 352, 361 (Tex. App.—Texarkana 2020, no pet.). However, the evidence must establish, among other things, that the paralegal or legal assistant is qualified through education, training, or work experience to perform substantive legal work and that the legal work was performed under an attorney's direction and supervision. ***Clary Corp. v. Smith***, 949 S.W.2d 452, 469 (Tex. App.—Fort Worth 1997, writ denied).

Counsel's itemized billing demonstrated that (1) K.E. spent one hour setting up a file, preparing shell pleading and request for admissions, resulting in a charge of $75.00, (2) K.S.E. spent one quarter of an hour drafting a cover letter, sending a copy to Shreve, and E-serving the document, resulting in a charge of $18.75, and (3) K.S.E. spent one and a half hours receiving discovery requests from Slack, saving them to the file, and setting up discovery response forms for disclosures and responses to requests for production, resulting in a charge of $121.50. Neither the billing records nor counsel's affidavit identify K.E. and K.S.E or discuss the credentials of K.E. and K.S.E. We therefore hold that the evidence concerning the work performed by K.E. and K.S.E. is legally insufficient. *See **Alford***, 596 S.W.3d at 361; ***Gill Sav. Ass'n v. Int'l Supply Co., Inc.***, 759 S.W.2d 697, 705 (Tex. App.—Dallas 1988, writ denied). We conclude that counsel's affidavit and the attached billing records constituted legally and factually sufficient evidence that the remaining attorney's fees were reasonable and necessary. *See **Rohrmoos Venture***, 578 S.W.3d at 487-88; ***City of Keller***, 168 S.W.3d at 827; ***Sembera***, 253 S.W.3d at 824; *see also generally* Tex. Civ. Prac. & Rem. Code Ann. § 134.005(b). We therefore sustain issue six solely as to the fees attributable to work performed by a legal assistant or paralegal, delete said charges that total $215.25, and modify the trial court's judgment to reflect an award of attorney's fees in the amount of $43,951.00.

## DISPOSITION

Having overruled issues one and two, we ***affirm*** the trial court's judgment ***in part***. Having sustained issues three and four as to Slack's claim under Section 33(A)(2) of the TSA and having

16

sustained issue six in part, we ***reverse in part*** and ***remand*** the cause for further proceedings as to Slack's claim under Section 33(A)(2) of the TSA. Having sustained issue six in part, we ***affirm*** the award of court costs to Shreve and ***modify*** the trial court's judgment to reflect an attorney's fee award in the amount of $43,951.00.

**BRIAN HOYLE**
Justice

Opinion delivered March 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 8, 2023**

**NO. 12-22-00024-CV**

**MARCIA SLACK,**
Appellant
V.
**ROBERT CHARLES SHREVE, JR.,**
Appellee

---

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 19-3131-A/S)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be reversed in part and remanded, affirmed in part, modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **reversed in part** and **remanded** for further proceedings as to Appellant **MARCIA SLACK'S** claim under Section 33(A)(2) of the TSA; it is further ORDERED, ADJUDGED and DECREED that the judgment be **modified** to reflect an attorney's fee award in the amount of $43,951.00; we **affirm** the award of court costs to Appellee **ROBERT CHARLES SHREVE, JR.,** in all other respects the judgment of the trial court is **affirmed**.

It if further ORDERED that all costs in this cause expended, be adjudged against the party incurring such cost; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*